HENKEL v. SEIDER et al.

(District Court, E. D. New York.   June 27, 1908.)

**BANKRUPTCY—CONVEYANCES WITH INTENT TO DEFRAUD.**

Conveyances of property made by bankrupts to their wives, respectively, within four months prior to their bankruptcy, *held* to have been made without present consideration, in contemplation of insolvency, and with intent to hinder, delay, and defraud their creditors, and to be voidable under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 565 (U. S Comp St. 1901, p. 3449).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 274.]

In Equity.   Suit by trustee in bankruptcy.

Leon Lauterstein, for plaintiff.
Morris H. Hayman, for defendants.

CHATFIELD, District Judge.   The trustee in bankruptcy has brought suit in this court to set aside two conveyances, made by the bankrupts about one month prior to the filing of the petition in bankruptcy, and has alleged that these conveyances were made with intent to hinder and defraud the creditors of the bankrupts, and made at a time when they were insolvent.   Issue was joined both on the question of insolvency and on the question of intent.   Testimony has been taken, and the case submitted on the testimony for decision by this court.   The relief asked was a decree directing the reconveyance of the property transferred.

There would seem to be no question upon the evidence that the bankrupts gave the deeds in question, with the idea of securing to their wives the two houses covered by the deeds, so that title to these houses would not be vested in the bankrupts if trouble with creditors should ensue.   The condition of the bankrupts at the time of making the deeds was such that, even if they were justified in considering themselves not insolvent, nevertheless the pressure upon them was so strong that it is an irresistible conclusion that they were contemplating insolvency, and making conveyances of real estate accordingly.   This is sufficient to bring the transaction within the provisions of subdivision 1 of section 3 of the statute of July 1, 1898, defining acts of bankruptcy, and also section 67e (Act July 1, 1898, c. 541, 30 Stat. 546, 565 [U. S. Comp. St. 1901, pp. 3422, 3449]).

Inasmuch as it seems to the court that the conveyances were not for a present consideration, and as they were made within four months prior to the filing of the petition, judgment must be granted for the trustee.